JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Darius Warren, appeals his conviction in the Cuyahoga County Common Pleas Court for possession of drugs. For the reasons stated below, we affirm.
 {¶ 2} On October 6, 2005, Warren was indicted for possession of drugs, drug trafficking, resisting arrest, and possession of criminal tools. The case proceeded to a jury trial that commenced on December 5, 2005. The trial court granted Warren's Crim.R. 29 motion for acquittal in part, and dismissed the drug trafficking and possession of criminal tools counts. The trial proceeded on the possession of drugs and resisting arrest counts.
 {¶ 3} Detective Michael Rasberry testified that on August 9, 2005, he and other officers in his unit were checking for drug activity in the area of 4096 East 131st Street, which is the address of a delicatessen, drug and beverage store. He stated that the area had been a constant subject of drug activity complaints. Detective Rasberry, who was in a vice car, observed three individuals standing by a fence and a vehicle that was parked at the curb. He also noticed that two of the individuals were engaged in conversation and were looking down at their hands. One of the males was scanning the area; he looked over toward Rasberry's vehicle, and then moved to the vehicle at the curb. The man then opened the door to the vehicle, leaned in, and then exited the vehicle and stood back up against the fence. At trial, Detective Rasberry positively identified this man as the defendant, Warren.
 {¶ 4} Detective Rasberry testified that from his experience with drug transactions, it is typical for the individuals to look around for police before making a hand-to-hand drug transaction. He further stated that Warren's movement into the vehicle was a quick motion.
 {¶ 5} Detective Rasberry approached the individuals. As he glanced into the vehicle, he observed a clear plastic bag containing crack cocaine on top of the center console. Detective Rasberry conceded that he did not see a hand-to-hand transaction actually take place in relation to this incident and that he never found any money or drugs on Warren. Also, Warren was not the owner of the car.
 {¶ 6} Detective Arthur Echols was also in the area at the time of the incident. He observed Warren as he was coming out of the vehicle at the curb. Detective Echols stated that Warren took a quick look up and down the street, scanned his immediate vicinity, and then cooly backed away from the vehicle toward the two other males. He indicated that Warren was backing away from the vehicle in a "slick" or "cool" manner so as not to attract any type of attention. Also, the area inside of the car where the drugs were located was where the detective had observed Warren.
 {¶ 7} Detective Echols approached the three men and asked Warren who the car belonged to. Warren indicated that it was his girlfriend's car. Detective Echols suspected drug activity, not only because of the way Warren came out of the vehicle and scanned the area but, also, because the other two men included Warren's younger brother and an older man. The detective testified that the presence of the older man who was not related to the two younger men was indicative of drug activity.
 {¶ 8} When Detective Echols asked Warren about the location of the car keys, Warren told the detective that his friend Mike had the keys and was in the store. No individual named Mike was ever located. The keys were eventually found on Warren's brother.
 {¶ 9} After Detective Rasberry discovered the contraband in the vehicle, Detective Echols began to arrest Warren. Warren started to comply, but then he quickly shifted his body weight and tried to run away. The detective had a grasp on Warren's pants and was able to stop him.
 {¶ 10} Detective Echols further testified that, in his experience, it was very unusual for the drugs to be on top of the center console, because a drug dealer would not normally leave drugs worth that amount of money out in the open for anybody to just take or seize. Although the detective acknowledged that no money was found, he also stated that, in his experience, the amount of drugs was indicative of drugs intended for sale, resale or distribution, and that it was too much to be intended for personal use. He also stated that not all drug dealers or drug users will have money on them, especially if they just purchased the drugs.
 {¶ 11} At the conclusion of trial, the jury found Warren guilty of possession of drugs, a felony of the fourth degree, and resisting arrest, a misdemeanor of the second degree. The court imposed a six-month prison term and three years of post-release control on the possession of drugs conviction, and time served on the resisting arrest conviction.
 {¶ 12} Warren filed this appeal, raising four assignments of error for our review. His first and second assignments of error provide the following:
 {¶ 13} "I: The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that Mr. Warren was guilty of possession of drugs under R.C. 2925.11."
 {¶ 14} "II: The verdict was against the manifest weight of the evidence."
 {¶ 15} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 16} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard, 104 Ohio St.3d at 68 (internal quotes and citations omitted).
 {¶ 17} Warren is challenging his conviction for possession of drugs. R.C. 2925.11(A) states: "[n]o person shall knowingly obtain, possess, or use a controlled substance." Possession may be proved by evidence of actual physical possession or constructive possession where the contraband is under the defendant's dominion or control. State v.Palmer (Feb. 6, 1992), Cuyahoga App. No. 58828. Constructive possession may be proved by circumstantial evidence alone. State v. Taylor (1997),78 Ohio St.3d 15, 1997-Ohio-243.
 {¶ 18} In this case, Warren relies on State v. Duganitz (1991), 76 Ohio App.3d 363, and asserts that the evidence cannot sustain a conviction for possession of drugs because Warren was not the only person with access to the car, because someone else had the keys, and because there was no evidence as to how many persons in fact had access to the car. In Duganitz, a weapon was found in a place in a car that was accessible to both the appellant and the passenger. Id. The circumstances of this case are distinguishable from Duganitz. In the instant matter, there were no other persons seen approaching the vehicle or within close proximity to the place where the drugs were found. The officers witnessed Warren scanning the area. They observed him quickly go over to the car, lean into the vehicle to the area where the drugs were found, again scan the area, and then "cooly" walk back to the other men. Although no money was found on Warren, Detective Echols stated that this was not uncommon when drugs are intended for sale, resale or distribution. Both officers indicated that the circumstances were indicative of a drug transaction. Relying upon these facts, there was circumstantial evidence presented to establish Warren had possession of the drugs.
 {¶ 19} We find that, after viewing the evidence in a light most favorable to the prosecution, the jury could have found the essential elements of the crime of drug possession were proved beyond a reasonable doubt. We further find that Warren's conviction was not against the manifest weight of the evidence.
 {¶ 20} Warren's first and second assignments of error are overruled.
 {¶ 21} Warren's third and fourth assignments of error provide as follows:
 {¶ 22} "III: The trial court plainly erred when it instructed the jury that it should find Mr. Warren guilty if the jury found that Mr. Warren was able to exercise control over the vehicle."
 {¶ 23} "IV: Mr. Warren was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10, of the Ohio Constitution."
 {¶ 24} These assignments of error pertain to a jury instruction given by the trial court regarding constructive possession. Warren claims that the instruction as given constituted plain error and that his counsel was ineffective in not objecting to the instruction.
 {¶ 25} "Error is not plain error unless the outcome of an accused's trial clearly would have been otherwise, but for the error. The standard for plain error is whether substantial rights of the accused are so adversely affected as to undermine the fairness of the guilt determining process. Notice of plain error is to be taken with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." State v. Buehner, Cuyahoga App. 81722, 2003-Ohio-3348.
 {¶ 26} To establish ineffective assistance of counsel, a defendant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) resulting prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different."State v. Sapp, 105 Ohio St.3d 104, 2004-Ohio-7008.
 {¶ 27} Jury instructions are reviewed in their entirety to determine if they contain prejudicial error. State v. Porter (1968),14 Ohio St.2d 10. In relevant context, the trial court instructed the jury on possession as follows:
 "Possess. `Possess' or `Possession' means having control over a substance, but may not be inferred solely from mere access to the substance through ownership or occupation of the property in which the substance is found.
 "A person has possession when he knows that he has the object on or about his person or places it where it is accessible to his use or direction and he has the ability to direct or control its use.
* * *
 "Constructive Possession. Constructive possession is also sufficient to prove possession. Possession may not be inferred from mere access to the substance; however, a person constructively possesses a substance when he knowingly exercises, or is able to exercise, dominion and control over the substance, or over the premises on which the substance is found or concealed, even though the substance is not in his physical possession."
 {¶ 28} Warren argues that this instruction was flawed in that the trial court instructed that all that needed to be proved was that Warren had the ability to control "the premises." Warren also states that knowledge and physical access to contraband are not enough to establish possession. He further claims that the instruction effectively established that the state was required only to prove dominion and control over the vehicle to establish possession.
 {¶ 29} We find no merit to Warren's argument. The trial court's instruction here substantially complies with that which this court has previously found permissible. See, e.g., State v. Felder, Cuyahoga App. No. 87453, 2006-Ohio-5332; State v. Powell, Cuyahoga App. No. 82054, 2003-Ohio-4936; State v. Loper, Cuyahoga App. Nos. 81297, 81400, 81878, 2003-Ohio-3213. Indeed, courts have recognized that constructive possession can be established by knowledge of an illegal substance or goods and the ability to exercise dominion or control over the substance or the premises on which the substance is found. See State v.Hankerson (1982), 70 Ohio St.2d 87; Powell, supra; Loper, supra. We also note that when read in their entirety, the jury instructions also established that possession may not be inferred solely from mere access to the substance through ownership or occupation of the property in which the substance is found. Therefore, we reject Warren's claim that the jury instructions established that the ability to control the vehicle was all that was required to prove constructive possession.
 {¶ 30} Upon our review, we conclude that the jury instruction on constructive possession was proper. Also, the evidence in this case supported a finding of constructive possession. Accordingly, Warren's third and fourth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and MARY EILEEN KILBANE, J., CONCUR