[Cite as *State v. Harris*, 2013-Ohio-484.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 98183 and 98184**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ERNEST HARRIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-552372 and CR-554394

**BEFORE:** S. Gallagher, J., Stewart, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** February 14, 2013

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH   44103

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Vincent I. Pacetti
        James M. Price
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} In this consolidated appeal, appellant, Ernest Harris, appeals his conviction in the Cuyahoga County Court of Common Pleas for several drug-related offenses. For the reasons stated herein, we affirm.

{¶2} Appellant was charged with numerous drug-related offenses in the two underlying cases, which were joined for trial. The cases arose from incidents occurring on March 29 and September 9, 2011, at appellant's home located at 12826 Marston Avenue in Cleveland.

{¶3} On March 29, 2011, Detective John Hall and members of the Cleveland Police Department Fourth District Vice Unit, along with the SWAT unit, executed a search warrant at appellant's home. Det. Hall testified that appellant and three other people were present in the home. Det. Hall discovered a glass tube with burnt crack cocaine residue on a bar in appellant's bedroom, as well as small pieces of "chore boy," which is used to facilitate smoking crack cocaine. These items were found in plain view. A utility bill addressed to appellant was also found in this room. The room was secured with a padlock.

{¶4} On September 9, 2011, the police did a controlled buy of crack cocaine at appellant's home with the use of a confidential reliable informant ("CRI"). Det. Luther

Roddy testified that he contacted the CRI, made sure the CRI was free of any contraband, gave the CRI marked "buy money," and sent the CRI into appellant's home to purchase crack cocaine. The CRI returned with about one rock of crack cocaine. Later the same day, the police executed a search warrant. Det. Roddy, and members of the Fourth District Vice Unit, along with the SWAT unit, entered the home and secured several occupants, including appellant. The police discovered multiple bottles of pills, suspected narcotics, a scale with suspected cocaine residue, different packages of marijuana, a mirror case with cocaine residue, sandwich bags, and U.S. currency. There was some discrepancy concerning the money found on appellant's person, which included varying amounts. Det. Roddy indicated that it was possible that some of the money included buy money. However, after his memory was refreshed by a document he prepared, he testified that $20 of buy money was found in appellant's right front pocket. With regard to this search warrant, Sgt. Ronald Ross testified that he found a scale and pills in a bedroom and that appellant was inside the home during the search. The bedroom in question contained a bar, a mattress, and a weed trimmer.

{¶5} Ultimately, appellant was found guilty in Cuyahoga C.P. No. CR-552372 on charges of drug possession (R.C. 2925.11(A)), possessing criminal tools (R.C. 2923.24(A)), and permitting drug abuse (R.C. 2925.13(B)); and in Cuyahoga C.P. No. CR-554394 on charges of drug trafficking (R.C. 2925.03(A)(1)) and drug possession (R.C. 2925.11(A)). The trial court merged counts in each case and sentenced appellant to a total prison term of six months.

**{¶6}** Appellant filed this appeal, raising four assignments of error for our review. His first assignment of error claims the trial court erred by allowing joinder of cases for trial.

**{¶7}** Initially, we note that it appears from the record that appellant failed to move for severance pursuant to Crim.R. 14 and did not renew any objection to the court's failure to sever the trial at the close of the state's case or at the close of all evidence. Thus, he has waived all but plain error. *See State v. Kerr*, 8th Dist. No. 97452, 2012-Ohio-3360, ¶ 36-37; *State v. Miller*, 105 Ohio App.3d 679, 691, 664 N.E.2d 1309 (4th Dist.1995). Even if his objection to joinder was properly renewed, we are unable to find that he suffered any prejudice as a result of the joinder.

**{¶8}** Under Crim.R. 13, a court may order two or more cases be tried together "if the offenses * * * could have been joined in a single indictment * * *." Pursuant to Crim.R. 8(A), two or more offenses may be joined if the offenses "are of the same or similar character * * * or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." While the law favors the joinder of offenses that are of the "same or similar character," a defendant may move to sever the charges under Crim.R. 14 upon a showing of prejudice. *State v. Lott*, 51 Ohio St.3d 160, 163, 555 N.E.2d 293 (1990).

**{¶9}** A defendant claiming the trial court erred in joinder of offenses for trial has the burden of demonstrating that his rights were prejudiced and that the court abused its discretion in denying severance. *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266,

900 N.E.2d 565, ¶ 95. The state may rebut a claim of prejudicial joinder by either showing that evidence of the joined offenses could be introduced in separate trials as "other acts" under Evid.R. 404(B), or showing that evidence of each crime joined at trial is simple and direct. *Id*. at ¶ 96, citing *Lott* at 163; *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239, ¶ 198. "[W]hen simple and direct evidence exists, an accused is not prejudiced by joinder regardless of the nonadmissibility of evidence of these crimes as 'other acts' under Evid.R. 404(B)." *Lott* at 163.

{¶10} Appellant claims that joinder was improper in this action because of the danger that the jury would use evidence of one alleged incident as evidence supporting the other. We are unpersuaded by appellant's argument. Unlike the case relied upon by appellant, this is not a case involving sexual conduct with evidence that is highly inflammatory and prejudicial in nature. *See State v. Schaim*, 65 Ohio St.3d 51, 600 N.E.2d 661 (1992). A jury is believed capable of segregating the proof on multiple charges when the evidence as to each of the charges is uncomplicated. *State v. Torres*, 66 Ohio St.2d 340, 343-344, 421 N.E.2d 1288 (1981). As such, joinder is not prejudicial when the evidence is direct and uncomplicated and can reasonably be separated as to each offense. *Id*.

{¶11} Here, the offenses in each case pertained to drug-related activity in the appellant's home, at which the police executed search warrants on two separate occasions. The offenses were of the same or similar character and were part of a course of criminal conduct. Further, the evidence was direct and uncomplicated as to each

indictment, and the jury could reasonably separate the evidence as to each charge. Accordingly, the evidence was "amply sufficient to sustain each verdict, whether or not the indictments were tried together." *Torres* at 344.

{¶12} Upon our review, we find the trial court did not abuse its discretion by joining the cases for trial. Accordingly, appellant's first assignment of error is overruled.

{¶13} Appellant's second assignment of error claims the trial court erred by failing to properly instruct the jury regarding the law of constructive possession. We review a trial court's issuance of a jury instruction for an abuse of discretion. *State v. Williams*, 8th Dist. No. 90845, 2009-Ohio-2026, ¶ 50. Further, jury instructions are reviewed in their entirety to determine if they contain prejudicial error. *State v. Fields*, 13 Ohio App.3d 433, 436, 469 N.E.2d 939 (8th Dist.1984).

{¶14} The court provided the following instruction on constructive possession:

> Constructive possession is also sufficient to prove possession. Possession may not be inferred from mere access to the thing or substance; however, a person constructively possesses a thing or substance when he knowingly exercises or is able to exercise dominion and control over the thing or substance or over the premises on which the thing or substance is found or concealed, even though the thing or substance is not in his physical possession.

> Knowledge of illegal goods on one's property is sufficient to show constructive possession. However, the mere fact that property is located within premises under one's control does not, of itself, constitute constructive possession. It must also be shown that the person was conscious of the presence of the object.

{¶15} In *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976), the Ohio Supreme Court held that "[c]onstructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediately physical possession." In *State v. Hankerson*, 70 Ohio St.2d 87, 91, 434 N.E.2d 1362 (1982), the court indicated that "the mere fact that the property is located within the premises under one's control does not, of itself constitute constructive possession. It must also be shown that the person was conscious of the presence of the object."

{¶16} Constructive possession can be proved by circumstantial evidence alone. *State v. Alexander*, 8th Dist. No. 90509, 2009-Ohio-597, ¶ 25; *State v. Trembly*, 137 Ohio App.3d 134, 141, 738 N.E.2d 93 (8th Dist.2000). Although the mere presence of an individual in the vicinity of illegal drugs is insufficient to establish constructive possession, if the evidence demonstrates that the defendant was able to exercise dominion or control over the drugs, the defendant can be convicted of possession. *State v. Tate*, 8th Dist. No. 93921, 2010-Ohio-4671, ¶ 12, citing *Wolery* at 329. Thus, the discovery of readily accessible drugs in close proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs. *Tate* at ¶ 12.

{¶17} Appellant claims that the instruction given herein allowed the jury to find constructive possession simply if the defendant was "able" to exercise dominion and control. He further argues that the instruction allows for a conviction if one merely had dominion and control over the premises on which the substance is found and improperly

suggests that mere "[k]nowledge of illegal goods on one's property is sufficient to show constructive possession."

**{¶18}** This court has repeatedly recognized that constructive possession can be established by knowledge of an illegal substance or goods and the ability to exercise dominion or control over the substance or the premises on which the substance is found. *State v. Santiago*, 8th Dist. No. 95333, 2011-Ohio-1691, ¶ 30, citing *State v. Chandler*, 8th Dist. Nos. 93664 and 93665, 2011-Ohio-590; *State v. Warren*, 8th Dist. No. 87726, 2006-Ohio-6415, ¶ 29. Furthermore, when read in their entirety, the jury instructions established that possession may not be inferred solely from mere access to the substance through ownership or occupation of the property in which the substance is found and conveyed the correct concept of constructive possession. Accordingly, we find the jury instruction that was given was proper and the trial court did not abuse its discretion when it chose not to give appellant's proposed instruction for constructive possession. Appellant's second assignment of error is overruled.

**{¶19}** Appellant's third and fourth assignments of error challenge the verdicts as being based upon legally insufficient evidence and against the manifest weight of the evidence.

**{¶20}** When an appellate court reviews a claim of insufficient evidence, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Tenace*, 109 Ohio St.3d 255,

2006-Ohio-2417, 847 N.E.2d 386, ¶ 37, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. When reviewing a claim challenging the manifest weight of the evidence, the court, after reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶21} Appellant argues that the state only established that illegal substances were found in the home. He further claims that although there was evidence of a controlled buy, there were multiple individuals in the home and it was never established that the money found on appellant in fact included the buy money. Also, appellant argues that the state failed to establish constructive possession.

{¶22} In Cuyahoga C.P. No. CR-552372, Det. Hall testified that upon executing the search warrant, appellant was found in the home, that a utility bill belonging to appellant was found in the bedroom of the home with the bar, that the room was secured with a padlock, and that a glass tube with burnt crack cocaine residue was located on the bar in appellant's bedroom and small pieces of "chore boy" were found in plain view. In Cuyahoga C.P. No. CR-554394, the counts for which appellant was convicted pertained

to the crack cocaine that was sold to the CRI.   Det. Roddy testified that a CRI was used to buy crack cocaine from the home in question, that after the sale a search warrant was executed, and that appellant was in the home and the buy money was discovered in his front pocket.

**{¶23}** Upon our review of the entire record, we find there was sufficient evidence to support a finding of constructive possession.   Further, when viewing the evidence in a light most favorable to the state, we find any rational trier of fact would have found the essential elements of the crimes proven beyond a reasonable doubt.   We also are unable to conclude that the conviction is against the manifest weight of the evidence. Accordingly, appellant's third and fourth assignments of error are overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
MARY J. BOYLE, J., CONCUR