[Cite as *State v. Washington*, 2013-Ohio-2904.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 98882 and 98883**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH WASHINGTON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-550460 and CR-550577

**BEFORE:** S. Gallagher, J., Stewart, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**ATTORNEY FOR APPELLANT**

Kevin M. Cafferkey
2000 Standard Building
1370 Ontario Street
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Maxwell M. Martin
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant Kenneth Washington appeals from his conviction in the Cuyahoga County Court of Common Pleas on two counts of domestic violence, felonious assault, menacing, and having a weapon while under disability with forfeiture specifications. For the reasons stated herein, we affirm.

**{¶2}** In Cuyahoga C.P. No. CR-550460, appellant was charged under a nine-count indictment with two counts of assault, two counts of domestic violence, one count of felonious assault, three counts of aggravated menacing, and one count of having weapons under disability with forfeiture specifications. Appellant entered a plea of not guilty, and the case proceeded to a jury trial.

**{¶3}** The victim in this case was appellant's girlfriend. As part of her plea to permitting drug abuse in a separate matter, she agreed to testify against appellant.

**{¶4}** The victim testified that she was in a relationship with appellant and that he started being abusive in March 2011. She testified that on March 19 or 20, 2011, appellant hit her in the head, spat in her face, pinned her down, and hit her with his boot.

**{¶5}** On May 13, 2011, appellant threw her into a wall, put a knife to her head, "smacked" her "upside my head," and threatened to stomp her with his shoe while she was on the ground. The victim sustained a lump to her forehead from this incident. Photographs of the victim were introduced depicting a bruise to her forehead and scratches to her chest.

**{¶6}** The victim testified that on May 15, 2011, appellant smacked her, hit her with a remote control, spat in her face, pinned her down, and held a knife to the back of her head. The victim indicated that she could feel the tip of the knife on her skull and appellant threatened to kill her. Appellant tried to apply pressure, but she kept moving her head and prevented him from breaking skin. Following this incident, the victim went to her mother's house. A police report was made the next morning.

**{¶7}** The May 15 incident took place at 1164 Melbourne Avenue in East Cleveland, which was a house she and appellant were renting. There was no written lease agreement, and the victim had not yet changed the utilities to her name. The victim stated that she and appellant moved into the home a couple days before the incident, but later stated they had been in the home for weeks. She then indicated that she had moved in May 9 or 10 and appellant moved in the same day. Appellant had moved belongings, clothes, and furniture into the home. She also stated that appellant had the only key to the home, he paid the first month's rent, and he slept at the house several times.

**{¶8}** On May 17, 2011, the police went to secure the residence. Before arriving, they were flagged down by the victim who indicated she had received a call from appellant stating that he could see them and was going to shoot her from his position inside the home.

**{¶9}** The police kicked the door in but did not find appellant in the home. A gun was recovered from the residence. No identifications could be made from the fingerprint and partial palm print recovered from the gun.

{¶10} The victim testified that the gun was not hers, that she knew appellant to have a gun, and that one night they heard a noise and he grabbed the gun and checked out the house. Officer John Donitzen testified that the victim had informed him of the gun and of being threatened by appellant with the gun. A photograph of a text message from appellant threatening to shoot the victim was introduced.

{¶11} After the victim obtained some of her belongings, she went to her mother's home down the street to unload the car. The victim was with her father. When she walked outside her mother's home, she saw appellant. Her father told her to go inside. The victim's father testified that he saw appellant pull up in a jeep and that appellant confronted him about kicking in the door to his house. The victim's father indicated that when appellant approached, he was angry and belligerent, and threatened to harm him. The police then arrived.

{¶12} The police observed appellant standing in the front yard yelling profanities and making threats at the victim. Appellant was placed under arrest. He made a statement that if the police found a gun inside the home, it did not belong to him and that the victim had planted it there. The police had not informed appellant that a gun was found. At the time of his booking, appellant gave 1164 Melbourne as his address.

{¶13} Two witnesses, who are mothers of appellant's children, testified to appellant's living at another location at the time of his arrest.

{¶14} The jury found appellant guilty on Counts 3 and 4 for domestic violence, Count 5 for felonious assault, Count 8 as amended for menacing, and Count 9 for having

weapons while under disability with the forfeiture specifications. Appellant was found not guilty of the remaining counts. Counts 4 and 5 were merged for sentencing. The trial court sentenced appellant to an aggregate prison term of three years with three years mandatory postrelease control. The sentence was run consecutive to a prison term imposed in Cuyahoga C.P. No. CR-500577.

{¶15} In this appeal, appellant raises three assignments of error for our review. His first assignment of error provides as follows:

I. The evidence presented was insufficient to prove that [the victim] and [appellant] were family members or household members for purposes of R.C. 2919.25(F).

{¶16} When an appellate court reviews a claim of insufficient evidence, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶17} In order to convict appellant of domestic violence as charged, the state was required to prove beyond a reasonable doubt that appellant knowingly caused or attempted to cause physical harm to a family or household member. R.C. 2919.25(A). A "family or house hold member" includes "a person living as a spouse" with the

offender, which means "a person * * * who otherwise is cohabitating with the offender * * *."

{¶18} In this case, the victim testified that she and appellant were in a relationship and that they moved in together at 1164 Melbourne Avenue in East Cleveland. While the victim was unclear as to being in the home for a few days to a few weeks, she indicated that the two had moved into the home on May 9 or 10, which would have been prior to the May 13 incident. Further, the victim stated appellant moved his belongings, clothes, and furniture into the home. She also testified that he paid the first month's rent, he slept there four or five times, and he had the only key to the home. After his arrest and upon booking, appellant gave 1164 Melbourne as his address. Insofar as appellant indicated the incident involving her being pushed into the wall occurred sometime in "April, maybe May," she clarified that it occurred maybe two or three days before the May 15 incident, and that May 13 was the date.

{¶19} This evidence, when viewed in the light most favorable to the state, is sufficient to establish that the victim and appellant were cohabitating at the time of the offenses, such that the victim was a family or household member for purposes of R.C. 2919.25(F). Appellant's first assignment of error is overruled.

{¶20} Appellant's second assignment of error provides as follows:

II. The evidence presented was insufficient to prove that [appellant] had actual or constructive possession of the gun found at 1164 Melbourne.

**{¶21}** Appellant claims there was insufficient evidence to show that he possessed the gun found at 1164 Melbourne Avenue with regard to the charge of having weapons under disability. R.C. 2923.13(A)(2) provides as follows:

(A) * * * no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

* * * (2) The person is under indictment for or has been convicted of any

felony offense of violence * * *.

**{¶22}** In order to "have" a firearm, the defendant "must either actually or constructively possess it." *State v. Hardy*, 60 Ohio App.2d 325, 327, 397 N.E.2d 773 (8th Dist.1978). Constructive possession exists when an individual exercises dominion and control over an object and requires a showing that the person was conscious of the presence of the object. *State v. Hankerson*, 70 Ohio St.2d 87, 90-91, 434 N.E.2d 1362 (1982). Constructive possession may be shown by circumstantial evidence. *State v. Johnson*, 8th Dist. No. 98245, 2013-Ohio-575, ¶ 39.

**{¶23}** In this case, evidence was presented showing that appellant was residing at the 1164 Melbourne Avenue address and had belongings there. The victim testified that the gun found in the home was not hers, that she knew appellant to have a gun, and that he grabbed the gun one night to check on a noise heard in the home. The victim also testified to receiving a text message from appellant threatening to shoot her. In addition, when appellant was arrested, he made a statement that if a gun was found inside the home, it did not belong to him. The police had not informed appellant that a gun was

found.   Although circumstantial, this evidence was sufficient to establish to the jury that appellant, at least, had constructive possession of the gun that was found.

{¶24} Upon viewing the evidence in a light most favorable to the prosecution, we find the jury could have found all the elements of R.C. 2923.12(A)(2) were proven beyond a reasonable doubt.   Appellant's second assignment of error is overruled.

{¶25} Appellant's third assignment of error provides as follows:

III.   The guilty verdicts are against the manifest weight of the evidence.

{¶26} When reviewing a claim challenging the manifest weight of the evidence, the court, after reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.   *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).   Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction.   *Id*.

{¶27} In this matter, the victim provided detailed accounts of the domestic violence incidents.   Although there were some inconsistencies in her testimony and she stated she was testifying pursuant to a plea agreement, the jury members were able to view her demeanor, consider the credibility of the witnesses, and reach a conclusion based on the totality of the evidence presented.   There was photographic evidence depicting bruising to her forehead and scratches to her chest.   Her injuries were

consistent with her testimony concerning the May 13 incident where appellant pushed her into a wall and threatened to stomp on her while she was on the ground. The victim testified that during the May 15 incident, appellant pinned her down on the couch, pressed a knife to the back of her head, and threatened to kill her. She kept moving her head in order to prevent appellant from breaking skin. After this occurred, the victim went to her mother's home, and she filed a police report the next morning.

{¶28} While defense witnesses testified to appellant's staying at another residence, there was evidence in the record reflecting that the victim and appellant were living together when these incidents occurred. Appellant himself provided the 1164 Melbourne residence as his address at the time of his booking.

{¶29} There was circumstantial evidence showing appellant possessed the gun that was recovered from the home. With regard to the menacing charge, the victim's father testified that appellant confronted him about kicking in the door and threatened to harm him, and then the police arrived and arrested appellant. Thus, it does not appear the police were present upon appellant's arrival. Officer Donitzen testified that it was upon his arrival that he heard appellant yelling at the victim.

{¶30} Upon the testimony of the witnesses and evidence presented, we cannot say that the jury clearly lost its way or that the evidence weighs heavily against the convictions herein. Appellant's third assignment of error is overruled.

{¶31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR