[Cite as *State v. Ware*, 2013-Ohio-4492.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99374

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ABRAM D. WARE

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART, REVERSED
### IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-561300

**BEFORE:** Celebrezze, P.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 10, 2013

**ATTORNEY FOR APPELLANT**

Mark Gallagher
Towards Employment, Inc.
1255 Euclid Avenue
Suite 300
Cleveland, Ohio   44115


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Patrick J. Lavelle
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Abram D. Ware, brings the instant appeal challenging his convictions for drug trafficking, drug possession, and possession of criminal tools. Appellant claims the trial court improperly ordered the forfeiture of property and erred by allowing inadmissible hearsay. He also claims his convictions are unsupported by sufficient evidence and are against the manifest weight of the evidence. After a thorough review of the record and law, we affirm appellant's convictions for drug trafficking and possession of criminal tools, but vacate the verdicts in favor of forfeiture and remand for proper hearing.

## I.    Factual and Procedural History

{¶2} On April 11, 2012, appellant was indicted by the Cuyahoga County Grand Jury on two counts of drug possession, two counts of drug trafficking, and one count of possession of criminal tools; all charges also included forfeiture specifications in violation of R.C. 2941.1417. Prior to trial, appellant filed a motion in limine to exclude an item of evidence, a rent receipt, recovered during the execution of a search warrant. The trial court ruled that the receipt was admissible. A jury trial then commenced on November 6, 2012.

{¶3} Cleveland Police executed a search warrant on the upper level apartment of a divided house on East 130th Avenue in Cleveland, Ohio, at approximately 8:30 p.m. on February 29, 2012. Inside, they found the trappings of a small drug distribution operation, but no one was home. Detective Robert McKay of the Cleveland Police

Department testified that items seized included a flack jacket, empty plastic bags with heroin and cocaine residue, glass jars and measuring cups with drug residue, rolls of blank Ohio lottery papers,[1] scales with drug residue, 31.64 grams of cocaine, and 10.09 grams of heroin.

{¶4} The warrant resulted from a citizen tip about appellant selling drugs. After the tip, appellant became the target of a substantial surveillance operation conducted by the Cleveland Police Department. Detective McKay testified that appellant was under surveillance from late January 2012 to the end of February and was observed making various brief hand-to-hand transactions with numerous people throughout this time.[2] Detective McKay testified that appellant was often seen outside of the East 130th Avenue house meeting various people who stopped by for very brief visits. Other times, detectives followed him to nearby areas where he was observed making hand-to-hand transactions with others.

{¶5} Detective John Hall also testified that he conducted surveillance. He observed appellant at the apartment behaving in a manner that he classified consistent with drug activity, including hand-to-hand transactions. He and Detective McKay also

---

[1] Detective McKay testified that these are used as packaging for individual doses of heroin.

[2] Appellant was in jail from February 7 to February 14, 2012, and no drug activity was observed at the house on East 130th during that period, even though surveillance continued.

observed a female living at the residence, Vanitra Harris, but did not observe her engaging in any drug-related activities.

{¶6} Ms. Harris testified that she lived with appellant at the apartment prior to February 10, but after a domestic dispute that resulted in appellant's arrest, she moved out and did not see appellant again. She testified she did not see any drugs while she lived at the apartment. She identified a coat depicted in a photograph taken by police at the apartment as belonging to appellant. She testified that she purchased the coat for appellant as a Christmas present. Heroin and crack cocaine were found in a pocket of the coat when the search warrant was executed. The coat was initially identified as a female jacket on the property inventory sheet. However, Harris testified it was a unisex coat that belonged to appellant. Unfortunately, the coat was not taken into evidence.

{¶7} Harris also testified that a third individual, Joseph Moore, briefly lived at the apartment, but moved out by February 6, 2012. Detective Hall testified he was aware of Moore, Cleveland police were conducting a separate investigation of him, and he was not seen living at the apartment after February 14, 2012.

{¶8} On November 9, 2012, the jury returned verdicts of guilty on two counts of drug possession in violation of R.C. 2925.11(A), two counts of drug trafficking in violation of R.C. 2925.03(A)(2), and one count of possession of criminal tools in violation of R.C. 2923.24(A). A sentencing hearing was conducted on December 12, 2012. There, the trial court merged each count of drug possession with the corresponding counts of drug trafficking. The court then imposed a seven-year sentence

for trafficking cocaine, to be served concurrently to a four-year term for trafficking heroin. The court also imposed a concurrent sentence of time served for possession of criminal tools and advised appellant of five years of community control.

{¶9} Appellant now appeals from his convictions assigning four errors:

I. The trial court erred in ordering the forfeiture of property without conducting a proper hearing.

II. The trial court erred in allowing hearsay testimony showing appellant occupied the premises

III. The trial court erred in overruling [appellant's] motion for acquittal as there was insufficient evidence to convict him of the charges in this case.

IV. The verdict was against the manifest weight of the evidence.

## II. Law and Analysis

### A. Forfeiture

{¶10} At the close of the state's case, appellant executed a waiver of his right to trial by jury for the forfeiture specifications only. The trial court accepted the waiver and was to act as the trier of fact for the forfeiture specifications. However, the record does not indicate that the trial court ever conducted a hearing on these specifications, even though the journal entry of conviction indicates the jury found appellant guilty of the forfeiture specifications. The state concedes this error. It asks this court to vacate the verdicts on the forfeiture specifications and remand for a proper hearing. So we shall.

### B. Hearsay Evidence

{¶11} Appellant next argues that the trial court erred when it allowed Detectives McKay and Hall to testify about a rent receipt found in the bedroom of the apartment

during the execution of the search warrant. The receipt was dated February 21, 2012, and made out to appellant for $400 for rent from January to February for the apartment. Appellant claims this testimony and the introduction of the receipt should not have been allowed.

{¶12} Generally, pursuant to Evid.R. 104, the introduction of evidence at trial falls within the sound discretion of the trial court. *State v. Heinish*, 50 Ohio St.3d 231, 553 N.E.2d 1026 (1990). However, in the present case, appellant failed to object to the challenged testimony or exhibit. Appellant filed a motion in limine to exclude the rent receipt prior to trial. The trial court heard arguments from both sides and ruled that the receipt would be allowed. During trial, appellant never objected to testimony about or introduction of the receipt.

{¶13} A motion in limine is a preliminary ruling indicating how the court would rule on an issue at trial. It is subject to change, and therefore not final or determinative. An adverse ruling on a motion in limine does not relieve defense counsel of a duty to object at trial. "[T]he denial of a motion in limine does not preserve a claimed error for review in the absence of a contemporaneous objection at trial." *State v. Hill*, 75 Ohio St.3d 195, 203, 661 N.E.2d 1068 (1996). Because there was no objection at trial, appellant has waived all but plain error. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 103, ¶ 60. "An error is plain error only if the error is obvious, and 'but for the error, the outcome of the trial clearly would have been

otherwise.'" (Citations omitted.) *Id.,* quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus.

{¶14} The admission of the rent receipt would not have changed the outcome of the trial. Therefore its admission, even if improper, was not plain error. The rent receipt was a piece of evidence that tended to establish appellant's presence at the East 130th apartment, but it was not the only evidence. Detectives McKay and Hall both testified that appellant was observed living in the apartment up to and including the day of the execution of the search warrant. The detectives admitted that no items were fingerprinted or checked for DNA, but after Ms. Harris moved out of the apartment, appellant was the only person observed living there. The rent receipt was cumulative evidence establishing appellant's presence in the apartment. Its admission was not plain error.

### C. Sufficiency and Manifest Weight of the Evidence

{¶15} Next, appellant claims his convictions for drug trafficking, drug possession, and possession of criminal tools are unsupported by sufficient evidence and against the manifest weight of the evidence.

{¶16} This court has set forth a concise statement of its role when reviewing whether a conviction is supported by sufficient evidence:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have

found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Boyce*, 8th Dist. Cuyahoga No. 93543, 2010-Ohio-3870, ¶ 13, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

> When reviewing a claim challenging the manifest weight of the evidence, the court, after reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id*.

*State v. Harris*, 8th Dist. Cuyahoga Nos. 98183 and 98184, 2013-Ohio-484, ¶ 20.

**{¶17}** Appellant was convicted of possessing drugs in violation of R.C. 2925.11(A), drug trafficking in violation of R.C. 2925.03(A)(2), and possessing criminal tools in violation of R.C. 2923.24(A).   Each provides, respectively,

> No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

> No person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

> No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally.

**{¶18}** Here, the state showed through circumstantial evidence that appellant constructively possessed and distributed or prepared for distribution heroin and cocaine.

**{¶19}** R.C. 2925.01(K) defines "possession" as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." However, constructive possession "exists when an individual exercises dominion and control over an object and requires a showing that the person was conscious of the presence of the object. Constructive possession may be shown by circumstantial evidence." (Citations omitted.) *State v. Washington*, 8th Dist. Cuyahoga Nos. 98882 and 98883, 2013-Ohio-2904, ¶ 22. "In order to prove an essential element of a crime the circumstantial evidence must be irreconcilable with any reasonable theory of the accused's innocence." (Citations omitted.) *State v. Hankerson*, 70 Ohio St.2d 87, 91-92, 434 N.E.2d 1362 (1982).

**{¶20}** The evidence adduced at trial indicates appellant was the sole resident of the East 130th Avenue apartment at the time the search warrant was executed. He was observed in the apartment late in the evening on February 28 into the early morning of February 29. The search warrant was then executed on the evening of February 29, 2012, when officers found heroin, cocaine base, scales, and other items used in the distribution of these drugs. Many of these items were sitting out in plain view when officers executed the search warrant, although the drugs were not.

{¶21} The mere fact that drugs were found in the apartment is generally not sufficient to demonstrate constructive possession, but there is additional evidence in the present case. Officers conducted significant surveillance of appellant and observed numerous interactions between appellant and others indicative of drug sales. Drugs were found in a coat identified as belonging to appellant. This coupled with appellant's sole occupation of the apartment at the time of the search are sufficient to demonstrate constructive possession.

{¶22} In *Harris*, 8th Dist. Cuyahoga Nos. 98183 and 98184, 2013-Ohio-484, this court held that the state effectively demonstrated constructive possession where drugs were found in the defendant's room. The evidence, as recited by this court, was that

> upon executing the search warrant, appellant was found in the home, that a utility bill belonging to appellant was found in the bedroom of the home with the bar, that the room was secured with a padlock, and that a glass tube with burnt crack cocaine residue was located on the bar in appellant's bedroom and small pieces of "chore boy" were found in plain view.

*Id*. at ¶ 22. Here, the evidence is very similar with the exception of the presence of appellant in the apartment at the time of the search. However, the detectives' testimony established appellant's presence and residence at the apartment.

{¶23} Appellant also claims the jacket in which a portion of the cocaine and heroin were found was identified as a women's jacket, and therefore must have belonged to someone other than appellant; presumably Harris. Harris testified she removed her belongings from the house on February 10, 2012, and that she purchased the coat for

appellant as a Christmas present.  Detective Hall also testified that the jacket was later determined to be a male's jacket, but that the inventory sheet was not corrected.

**{¶24}** Therefore, appellant's convictions for drug possession, drug trafficking, and possession of criminal tools are supported by sufficient evidence.

**{¶25}** For these same reasons, the verdicts are not against the manifest weight of the evidence.  Therefore, appellant's third and fourth assignments of error are overruled.

### III.  Conclusion

**{¶26}** Appellant's convictions for drug possession, drug trafficking, and possession of criminal tools are supported by sufficient evidence and are not against the manifest weight of the evidence.  Also, the trial court did not commit plain error when it allowed the introduction of a rent receipt as an exhibit. However, the trial court failed to conduct a hearing regarding the forfeiture specifications, so those convictions must be vacated and the case remanded for hearing.

**{¶27}** This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's convictions having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA A. BLACKMON, J., CONCUR