JOURNAL ENTRY AND OPINION
{¶ 1} On April 22, 2005, the applicant, John Perotti, pursuant to App.R. 26(B), applied to reopen this court's judgment in State of Ohio v.John Perotti (Dec. 10, 1998), Cuyahoga App. No. 73743, in which this court affirmed the trial court's denial of Mr. Perotti's 1996 postconviction relief petition, filed in State v. Perotti, Cuyahoga County Common Pleas Court Case No. Cr. 171706. Mr. Perotti asserts that his trial and appellate counsel were ineffective for not informing him in 1982, that his guilty plea to aggravated robbery and receiving stolen property could be used in 2004 to enhance his sentence in a federal criminal case under the Armed Career Criminal Act. For the following reasons, this court denies the application.
 {¶ 2} An application to reopen pursuant to App.R. 26(B) is the wrong remedy. Subsection (B)(1) states this remedy's scope: "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." Because Mr. Perotti represented himself in the appeal, he is now precluded from arguing ineffective assistance of appellate counsel. State v. Boone (1996), 114 Ohio App.3d 375,683 N.E.2d 67; State v. Vines (Sept. 14, 1989), Cuyahoga App. No. 55693 and (Nov. 3, 2000), Cuyahoga App. No. 78691, reopening disallowed (June 5, 2003), Motion No. 347277; State v. Smith (Dec. 10, 2001), Cuyahoga App. No. 79292, reopening disallowed (Mar. 8, 2002), Motion No. 36058;State v. Jackson, 2002-Ohio-5461, Cuyahoga App. No. 80118 and State v.White (Jan. 7, 2002), Cuyahoga App. No. 78190, reopening disallowed (May 13, 2004), Motion No. 78190. As the United States Supreme Court noted inFaretta v. California (1975), 422 U.S. 806, 834, N.46, 95 S.Ct. 2525, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of `effective assistance of counsel.'"
 {¶ 3} Next, this application is not really an effort to reopen the appeal of a conviction and sentence. It is an effort to reopen the appeal of a postconviction motion. Thus, this effort is beyond the scope of App.R. 26(B). In State v. Halliwell (Dec. 30, 1996), Cuyahoga App. No. 70369, reopening disallowed (Jan. 28, 1999), Motion No. 70369, this court ruled that App.R. 26(B) does not apply to appeals from an adverse ruling on a motion to vacate a guilty plea. See, also State v. Shurney (Mar. 10, 1994), Cuyahoga App. No. 64670, reopening disallowed (May 15, 1995), Motion No. 60758 — App.R. 26(B) applies only to the direct appeal of a criminal conviction; it does not apply to subsequent postconviction proceedings, including motions to vacate sentence and hearings to determine the propriety of guilty pleas;[1] and State v. Loomer,76 Ohio St.3d 398, 196-Ohio-59, 667 N.E.2d 1209, — App.R. 26(B) applies only to appeals from the judgment of conviction and sentence and not other collateral matters arising in a criminal case, including the reversal of a motion to dismiss.
 {¶ 4} Accordingly, the application for reopening is denied.
Blackmon, P.J., Concurs
[1] The court notes that Mr. Perotti tried to appeal his conviction and sentence directly in State v. Perotti (May 4, 1994), Cuyahoga App. No. 67160, but this court denied his motion for leave to file a delayed appeal. Corrigan, J., Concurs.