JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Robert Lawwill, brings this appeal challenging his resentencing after remand. Finding no merit to the appeal, we affirm.
 {¶ 2} In the case below, Lawwill was convicted of eight counts of gross sexual imposition ("GSI"), a violation of R.C. 2907.05, a third degree felony, for acts which occurred between 1992 and 1999, against a victim under the age of thirteen. The trial court sentenced appellant to a total of nine years in prison; three years on each count, with counts one, two and three to be served consecutive to each other and the remaining counts to be served concurrent to counts one, two and three.
 {¶ 3} In his first appeal, Lawwill challenged his convictions for GSI on several grounds. See State v. Lawwill, 8th Dist. No. 88251,2007-Ohio-2627, discretionary appeal not allowed, 2007-Ohio-6518
("Lawwill I"). He also challenged his sentence on the basis that the court used post-S.B. 2 sentencing laws for pre-S.B. 2 acts, which subjected him to greater penalties for the conviction of a third degree felony. Id.[1] In Lawwill I, we affirmed Lawwill's conviction but remanded for resentencing, ordering "the trial court to determine, based upon the evidence before the jury, which criminal acts [appellant] *Page 4 
committed prior to July 1, 1996, and which criminal acts [appellant] committed after July 1, 1996." Id. at ¶ 55.
 {¶ 4} On remand, the trial court found that Lawwill had committed the crime of GSI once each year from 1992 through 1999 and again sentenced him to nine years in prison. Specifically, the court imposed three years in prison on counts one to three, to run consecutively, and one-and-one-half years on counts four through eight, to run concurrent with all counts. From this decision, Lawwill appeals, raising the following three assignments of error:
 {¶ 5} "[I.] Lawwill was denied his right to due process under Sections 5 and 10, Article I of the Ohio Constitution and the Sixth andFourteenth Amendments of the United States Constitution when he was convicted of multiplicitous counts in his indictment.
 {¶ 6} "[II.] Lawwill was denied his right to a jury trial under Sections 5 and 10 of the Ohio Constitution and the Sixth andFourteenth Amendments of the United States Constitution when the trial court, and not the jury, made findings relative to his guilt or innocence.
 {¶ 7} "[III.] Lawwill was denied his right to due process under Sections 5 and 10 of the Ohio Constitution and the Sixth andFourteenth Amendments of the United States Constitution when he was convicted based upon a structurally defective indictment in the above case." *Page 5 
 {¶ 8} We will address Lawwill's first and third assignments of error together because they involve the same application of law and facts.
 Defective Indictment {¶ 9} In Lawwill I, Lawwill raised issues regarding the sufficiency of the indictment. He specifically argued that the trial court should have granted his motion to dismiss the indictment because it charged him with eight identical counts of GSI, thereby depriving him of due process. Id. at ¶ 8-15. We rejected this argument and found that the indictment was sufficient. Here, despite this court having already decided the issue, Lawwill makes the exact same argument in his first assignment of error. The doctrine of res judicata, however, precludes a collateral attack on a matter already decided. See State v. Harrison, 8th Dist. No. 89957,2007-Ohio-3524, ¶ 11. Accordingly, we overrule the first assignment of error.
 {¶ 10} Likewise, res judicata prohibits us from reviewing Lawwill's third assignment of error in which he argues that the indictment is structurally defective for failing to state a mens rea for the charges of GSI. Although this exact argument was not raised in his first appeal, Lawwill had the opportunity to do so but failed to raise the argument. As recognized by the Ohio Supreme Court, a final judgment of conviction precludes a criminal defendant "who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that *Page 6 
was raised or could have been raised by the defendant *** on an appeal from that judgment." State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 17, quoting State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The doctrine of res judicata prevents the endless relitigation of an issue on which a defendant has already had full opportunity to be heard and, therefore, promotes the legal principles of finality and judicial economy. Id. Accordingly, because Lawwill failed to raise this issue in his first appeal, res judicata bars him from raising it now.
 {¶ 11} Moreover, even if Lawwill's argument was not barred by res judicata, it nonetheless fails as a matter of law. In State v.Crotts, 8th Dist. No. 81477, 2006-Ohio-1099, ¶ 6, discretionary appeal not allowed, 109 Ohio St.3d 1497, 2006-Ohio-2762, this court held that "the offense of gross sexual imposition, as applied to a victim who is less than thirteen years of age, constitutes a strict liability crime which requires no proof of a precise culpable state of mind." Thus, the indictment's failure to include a specific mens rea does not render it defective in this case.[2] *Page 7 
 {¶ 12} The third assignment of error is overruled.
 Resentencing {¶ 13} In his second assignment of error, Lawwill argues that the trial court erred by resentencing him as if each count occurred in a separate year because the indictment does not separate the counts as one per year. He argues that only the trier of fact could have determined when the crimes occurred, and the trial court could not lawfully make a finding as to his guilt. We find this argument unpersuasive.
 {¶ 14} In Lawwill's original appeal, this court found an error in his sentence, and the case was remanded for resentencing. Originally, the trial court sentenced appellant without regard to the change in the sentencing provisions in S.B. 2. The Ohio Supreme Court, in State v.Rush, 83 Ohio St.3d 53, 1998-Ohio-423, held that the amended sentencing provisions of S.B. 2 are inapplicable with regard to those defendants who committed crimes prior to, but were convicted after, its July 1, 1996, effective date. The sentencing provisions of S.B. 2 apply only to those crimes committed on or after July 1, 1996. Id. Therefore, inLawwill I, we ordered the trial court to determine, if possible, which of the eight counts of GSI against appellant occurred before July 1, 1996, and which occurred after that date. *Page 8 
 {¶ 15} The question before us is whether the trial court has the authority to make a determination at sentencing regarding when each of the eight counts of GSI occurred, especially in light of the fact that this court ordered the trial court to do so in Lawwill I. We find that it does. See Nolan v. Nolan (1984), 11 Ohio St.3d 1, syllabus ("Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.").
 {¶ 16} On remand, the trial court determined that appellant committed one count of GSI each year for eight years. Prior to resentencing, the court stated: "I will sentence as if — I could, if I wanted to find — because [the victim] said every weekend, every other weekend up to 26 or 52 times a year I could find that all eight counts occurred in 1999. *** Or `98, or `97 or after July 1st of `96."
 {¶ 17} Despite Lawwill's urging that the trial court find that all acts occurred prior to July 1, 1996, the court stated "that would be in opposition to the testimony, because the testimony was, it happened every year, numerous times between the age of five and the age of 12 ***."
 {¶ 18} The Ohio Supreme Court has held that "trial courts have full discretion
 {¶ 19} to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." State v.Foster, *Page 9 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus; State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.
 {¶ 20} In its recent decision in State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912, ¶ 4, the Ohio Supreme Court held: "In applyingFoster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."[3]
 {¶ 21} The court further held that "despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial-fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." Id. at ¶ 14.
 {¶ 22} On remand, the trial court had wide latitude in the sentence it could have imposed. The sentence could have been as short as one year, if the trial *Page 10 
court found all counts occurred before July 1, 1996, imposed the minimum of one year on each count, and ran the terms concurrently. Or, the sentence could have been as much as forty years, if the trial court found all counts occurred after July 1, 1996, imposed the maximum of five years on each count, and ran the terms consecutively.
 {¶ 23} Here, the trial court imposed a nine-year term of imprisonment when it resentenced Lawwill. This sentence is within the statutory range for the crimes for which he was found guilty. Indeed, the trial court could have imposed an even greater sentence. As such, we do not find that the sentence is clearly and convincingly contrary to law. Furthermore, we do not find that the court abused its discretion by imposing a term of nine years.
 {¶ 24} Lawwill's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 11 
COLLEEN CONWAY COONEY, A.J., and PATRICIA ANN BLACKMON, J., CONCUR.
[1] S.B. 2 was enacted on July 1, 1996, and the General Assembly made it clear that it applies only to crimes committed after that date. After the enactment of S.B. 2, the sentencing scheme for third degree felonies changed to a range of one to five years in prison. See R.C. 2929.14. Prior to S.B. 2, the sentencing range for a third degree felony consisted of a possible term of one, one and one-half, or two years in prison. See R.C. 2929.11(D); see, also, Lawwill I, ¶ 51-54 (greater discussion regarding the changes in S.B. 2).
[2] We summarily note that Lawwill's reliance on the Ohio Supreme Court's decision in State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624
("Colon I "), for the proposition that the indictment's failure to include a specific mens rea creates a structural defect is misplaced. First, in a strict liability offense, the accused's mental state is irrelevant. Colon I at ¶ 11. Secondly, the Ohio Supreme Court clarified its decision in Colon I, holding that its decision applies prospectively and only to those "rare" cases where the defective indictment permeated throughout the trial and resulted in several other violations of the defendant's rights. See State v. Colon, 119 Ohio St.3d 204,2008-Ohio-3749 ("Colon II "), ¶ 3, 8. Thus, Colon I is inapplicable to the instant case.
[3] We recognize that Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances. *Page 1