[Cite as *State v. Ware*, 2014-Ohio-815.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA


JOURNAL ENTRY AND OPINION
**No. 99374**


## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ABRAM D. WARE

DEFENDANT-APPELLANT


**JUDGMENT:**
APPLICATION DENIED


Cuyahoga County Court of Common Pleas
Case No. CR-561300
Application for Reopening
Motion No. 469403


**RELEASE DATE:**   March 4, 2014

**FOR APPELLANT**

Abram D. Ware
Inmate No. 633-801
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Mary McGrath
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Abram D. Ware has filed a timely application for reopening pursuant to App.R. 26(B). Ware is attempting to reopen the appellate judgment rendered in *State v. Ware*, 8th Dist. Cuyahoga No. 99374, 2013-Ohio-4492, that affirmed his conviction for the offenses of drug trafficking and possessing criminal tools, but vacated the forfeiture findings and remanded for a hearing on the issue of forfeiture. For the following reasons, we decline to grant the application for reopening.

**{¶2}** In order to establish a claim of ineffective assistance of appellate counsel, Ware must demonstrate that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 660 N.E.2d 456 (1996). Specifically, Ware must establish that "there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶3}** In *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, the Supreme Court of Ohio held:

> Moreover, to justify reopening his appeal, [applicant] "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 25, 1998-Ohio-704, 701 N.E.2d 696.

> *Strickland* charges us to "appl[y] a heavy measure of deference to counsel's judgments," 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Id*. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. Moreover, we must bear in mind that appellate

counsel need not raise every possible issue in order to render constitutionally effective assistance. *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *State v. Sander*, 94 Ohio St.3d 150, 761 N.E.2d 18 (2002).

*Smith* at ¶ 7.

{**¶4**} In addition, the Supreme Court of Ohio, in *State v. Spivey*, 84

Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, held:

In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id*.

{**¶5**} It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes, supra*; *State v. Gumm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

{**¶6**} In *Strickland*, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too tempting for an appellant to second-guess his attorney after conviction and appeal and

that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, this court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689.

{¶7} Finally, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Jones v. Barnes*, *supra*.

{¶8} In the case sub judice, Ware raises two proposed assignments of error in support of his App.R. 26(B) application for reopening. Ware's first proposed assignment of error is that

> [a]ppellate counsel failed to raise in the assignments of error that the trial court erred in ordering a hearing for the appellant to waive trial counsel and represent himself pro se.

{¶9} Ware, through his first proposed assignment of error, argues that appellate counsel failed to argue on appeal the issue of self-representation during the course of trial. The Sixth and Fourteenth Amendments of the United States Constitution guarantee that a defendant in a criminal action must be afforded the right to assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). A defendant may waive representation of counsel and represent their own interests during a criminal trial. *Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996), citing *Faretta v. California*, 422 U.S.

806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). A defendant's right to self-representation, however, is not absolute. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). The dangers involved in waiving the right to representation by counsel are significant, and because the right to self-representation can be employed as a tactic to delay trial and to disrupt otherwise orderly legal proceedings, the request for self-representation must be clearly and unequivocally asserted in a timely manner or it will be waived. *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81.

{¶10} In the case sub judice, a review of the record discloses that no motion for self-representation was filed by Ware. A plea hearing was held on August 16, 2012. Ware, however, rejected the negotiated plea and requested that he be allowed to represent himself during any trial. The matter was continued and a new hearing was held on October 17, 2012, at which time Ware waived his right to a jury trial and requested a bench trial. No request for self-representation was made during the jury waiver hearing of October 17, 2012. On October 19, 2012, Ware withdrew his request for a bench trial and once again requested a jury trial, which was granted by the trial court. No request was made for waiver of representation by counsel and self-representation. Finally, on November 6, 2012, a jury trial was commenced. Once again, no request for self-representation was made by Ware.

{¶11} Our review of the record demonstrates that Ware did not clearly and unequivocally assert his request for self-representation. With the exception of any initial

inquiry into self-representation at the hearing of August 16, 2012, no further request for self-representation can be found within the record before this court. Thus, we can only conclude that Ware waived his right to self-representation. Ware's initial proposed assignment of error is not well taken and fails to establish ineffective assistance of appellate counsel.

{¶12} Ware's second proposed assignment of error is:

Ineffective assistance of trial counsel for failure to move the courts for a suppression hearing to challenge the veracity of the search warrant, affidavit in support, and the police report.

{¶13} Ware, through his second proposed assignment of error, argues that trial counsel erred by failing to request a suppression hearing. Specifically, Ware argues that trial counsel was ineffective by failing to request a suppression hearing with regard to the affidavit employed to secure a search warrant. In addition, Ware argues that trial counsel should have challenged the police report as completed with regard to the arrest of Ware and several other individuals.

{¶14} Initially, we find that there exists a lack of record support. The affidavit and search warrant were not part of the appellate record. Because they are outside of the record, we could not consider the affidavit and search warrant on direct appeal. *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978); *State v. Martin*, 151 Ohio App.3d 605, 2003-Ohio-735, 784 N.E.2d 1237 (3d Dist.). In addition, Ware's allegation that the police detective lied in the police report is unsupported by any demonstrative evidence. Thus, Ware has failed to establish how he was prejudiced. *State v. Bradley*, 42 Ohio

St.3d 136, 538 N.E.2d 373 (1989). Ware's second proposed assignment of error is without merit and fails to establish ineffective assistance of appellate counsel.

{¶15} Accordingly, the App.R. 26(B) application for reopening is denied.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA A. BLACKMON, J., CONCUR