[Cite as *State v. Foster*, 2025-Ohio-2673.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,        :

                              No. 114148

    v.                          :

TERRY FOSTER,                     :

    Defendant-Appellant.       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** July 29, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-670220-A
Application for Reopening
Motion No. 583182

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah E. Hutnik, Assistant Prosecuting Attorney, *for appellee.*

Terry Foster, *pro se.*

EMANUELLA D. GROVES, J.:

{¶ 1} Terry Foster ("Foster"), pro se, has filed an application for reopening pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60 (1991), based on claims of ineffective assistance of appellate counsel. Foster is attempting to

reopen this court's judgment in *State v. Foster*, 2025-Ohio-836 (8th Dist.), in which this court affirmed the trial court's imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4). For the reasons that follow, we deny Foster's application to reopen the appeal.

## I. Procedural and Factual History

{¶ 2} On May 9, 2022, Foster was named in a 26-count indictment, charging him with multiple counts of aggravated murder (Counts 1, 6, and 7); murder (Counts 2, 3, 8, and 9); attempted murder (Counts 10 and 11); felonious assault (Counts 4, 5, 12, 13, 14, 15, 16, and 17); aggravated burglary (Counts 18 and 19); drug trafficking (Counts 20, 22, and 24); and drug possession (Counts 21, 23, and 25); and a single count of possession of criminal tools (Count 26). The indictment stemmed from allegations that Foster participated in the murders of two victims and the attempted murders of two others.

{¶ 3} On February 1, 2023, Foster accepted the terms of a negotiated plea agreement with the State and pleaded guilty to a single count of murder in violation of R.C. 2903.02(A), with a three-year firearm specification (amended Count 2); a single count of involuntary manslaughter in violation of R.C. 2903.04(A) (amended Count 8); and a single count of drug trafficking in violation of R.C. 2925.03(A)(2) (Count 22). In exchange for his guilty pleas, the remaining charges were nolled. On February 24, 2023, Foster was sentenced to an aggregate prison term of 21 years to life.

{¶ 4} Foster filed a direct appeal from his convictions and sentence, arguing that (1) his guilty pleas were not knowingly, intelligently, and voluntarily entered, and (2) the trial court erred in imposing consecutive sentences without making any of the findings required by R.C. 2929.14(C)(4) at the sentencing hearing or in the sentencing entry. *State v. Foster*, 2024-Ohio-2075, ¶ 31 (8th Dist.) ("*Foster I*"). Upon review, this court overruled the first assignment of error, finding the trial court did not violate Crim.R. 11(C) when it accepted Foster's guilty pleas. With respect to the second assignment of error, the State conceded that the necessary consecutive-sentence findings were not made. *Id.* at ¶ 33. Accordingly, we vacated Foster's consecutive sentences and remanded the matter to the trial court for resentencing. *Id.* at ¶ 34.

{¶ 5} Foster's resentencing hearing was held on June 10, 2024. Upon making its consecutive-sentence findings in accordance with R.C. 2929.14(C)(4), the trial court reimposed an aggregate prison term of 21 years to life.[1]

{¶ 6} On July 10, 2024, appellate counsel filed an appeal from the resentencing hearing on Foster's behalf.[2] In his sole assignment of error, Foster challenged the trial court's imposition of consecutive sentences, arguing that the

---

[1] On June 25, 2024, the trial court issued a nunc pro tunc order clarifying that Foster's aggregate sentence was 21 years to life. The original resentencing entry mistakenly stated that Foster was sentenced to an aggregate prison term of 18 years to life. The nunc pro tunc entry accurately reflects what was stated at the time of resentencing. (Tr. 23-25.)

[2] On July 26, 2024, Foster filed a pro se notice of appeal in Appeal No. 114199. The appeal was dismissed as untimely and duplicative of the appeal filed by counsel in Appeal No. 114148.

trial court did not engage in any meaningful analysis and the record does not support its findings under R.C. 2929.14(C)(4).

**{¶ 7}** In *State v. Foster*, 2025-Ohio-836 (8th Dist.) (*"Foster II"),* this court affirmed the trial court's judgment, stating, in pertinent part:

> [W]e find that the trial court engaged in the proper analysis, considered the required statutory criteria, and made the necessary findings before imposing consecutive sentences. Moreover, the record clearly and convincingly supports the trial court's findings that consecutive sentences were appropriate in Foster's case: [the victims] were killed within days of each other as a result of Foster's conduct and he was awaiting trial or sentencing in another case when that conduct occurred. Since we cannot clearly and convincingly conclude that the record does not support the trial court's R.C. 2929.14(C)(4) findings, Foster's single assignment of error is overruled.

*Id.* at ¶ 12.

**{¶ 8}** On March 28, 2025, Foster timely filed an application to reopen his appeal, asserting that "appellate counsel's inadequate performance compromised [his] appeal." Specifically, Foster argues that appellate counsel rendered ineffective assistance of counsel by failing to raise the following proposed assignments of error:

> 1. The trial court erred for violating [Foster's] due process rights for not allowing [him] to be present, when charges were unofficially terminated without a hearing and not journalized as to law.
>
> 2. The indictment was faulty and defective.
>
> 3. [Foster]'s guilty pleas were not entered knowingly, intelligently, and voluntarily and must be vacated, due to insufficient evidence.
>
> 4. The trial court erred for speedy trial violation in excess of 270 days, plus the three-day count provision when a person is in custody.

5. Appellate counsel was ineffective for filing an uncontested brief, that the first appellate counsel filed, with the same claim, which was invalid then and was invalid now[.]

6. The trial court erred with its abuse of discretion when it violated two remand orders and for not addressing [Foster's] motion to withdraw his guilty pleas filed on the record before the resentencing hearing on June 10, 2024.

{¶ 9} On June 27, 2025, the State filed a brief in opposition to the application for reopening arguing that Foster "has failed to demonstrate a genuine issue regarding his appellate counsel's effectiveness."

## II. Law and Analysis

## A. Standard of Review

{¶ 10} Under App.R. 26(B), a defendant in a criminal case may apply to reopen his or her direct appeal of the judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. The application must be filed within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time. App.R. 26(B)(1).

{¶ 11} App.R. 26(B) establishes a two-stage procedure for adjudicating claims of ineffective assistance of appellate counsel. *State v. Leyh*, 2022-Ohio-292, ¶ 19. An applicant must first make a threshold showing that appellate counsel was ineffective. *Id.* at ¶ 19, 35. At this stage, an applicant is "not required to conclusively establish ineffective assistance of appellate counsel[.]" *Id.* at ¶ 35. Rather, "[t]he burden is on the applicant to demonstrate a 'genuine issue' as to whether there is a

'colorable claim' of ineffective assistance of appellate counsel." *State v. Leyh*, 2022-Ohio-292, ¶ 21, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998).

{¶ 12} If the applicant makes the required threshold showing, demonstrating that "there is at least a genuine issue — that is, legitimate grounds — to support the claim that the applicant was deprived of the effective assistance of counsel on appeal," then the application shall be granted and the appeal reopened. *Leyh* at ¶ 25, citing App.R. 26(B)(5). The matter then "proceeds to the second stage of the procedure, which 'involves filing appellate briefs and supporting materials with the assistance of new counsel, in order to establish that prejudicial errors were made in the trial court and that ineffective assistance of appellate counsel in the prior appellate proceedings prevented these errors from being presented effectively to the court of appeals.'" *Leyh* at ¶ 22, quoting 1993 Staff Notes to App.R. 26(B).

{¶ 13} Claims of ineffective assistance of appellate counsel under App.R. 26(B) are subject to the two-pronged analysis enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See State v. Simpson*, 2020-Ohio-6719, ¶ 14, *id.* at ¶ 23 (O'Connor, C.J., concurring), *id.* at ¶ 28 (Fischer, J., concurring); *State v. Reed*, 74 Ohio St.3d 534, 535 (1996). In accordance with the *Strickland* analysis, an applicant must show that (1) appellate counsel's performance was objectively unreasonable, *id.* at 687, and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. *See Smith v. Robbins*, 528 U.S. 259, 285-286 (2000). "A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 14} In considering Foster's application, we are mindful that appellate counsel is afforded deference in determining which issues to argue on appeal. *State v. Burke*, 2002-Ohio-5310, ¶ 7. As this court has previously explained:

> With respect to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting the most promising arguments and focusing on one central issue or, at most, a few key issues. *State v. Barrow*, 2015-Ohio-4579, ¶ 7 (8th Dist.), citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). *See also State v. Ware*, 2014-Ohio-815, ¶ 5 (8th Dist.) ("Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal.").

*State v. Doumbas,* 2016-Ohio-956, ¶ 6 (8th Dist.).

{¶ 15} Preliminarily, we note that this court has previously recognized that App.R. 26(B) "does not apply to subsequent postconviction proceedings, *including resentencing*, motions to vacate sentence and hearings to determine the propriety of guilty pleas." (Emphasis added.) *State v. Lawrence*, 2021-Ohio-3357, ¶ 7 (8th Dist.), citing *State v. Perotti*, 2005-Ohio-2175, ¶ 3 (8th Dist.), citing *State v. Loomer*, 76 Ohio St.3d 398 (1996). *See also State v. Smith*, 2021-Ohio-202, ¶ 3 (8th Dist.), citing *Perotti*. Nevertheless, for the reasons that follow, we find Foster has failed to satisfy his threshold burden of demonstrating a genuine issue as to whether there is a colorable claim of ineffective assistance of appellate counsel.

## B. Res Judicata

{¶ 16} We consider Foster's proposed assignments of error out of order for the ease of discussion. In the second, third, and fourth proposed assignments of error, Foster argues appellate counsel was ineffective for not advancing assignments of error challenging (1) the alleged defects in his indictment, (2) the knowing nature of his guilty pleas, and (3) the trial court's violation of his right to a speedy trial.

{¶ 17} This court has explained that when an appeal is taken from a resentencing hearing following a remand from a successful appeal, the appeal "is limited to those issues that arise from the resentencing hearing." *State v. Hicks*, 2016-Ohio-8062 (8th Dist.). This is because the doctrine of res judicata establishes that

> a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry,* 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 18} In this case, Foster is attempting to reopen an appeal taken from the resentencing hearing that was held pursuant to his successful appeal in *Foster I*. Accordingly, the scope of his appeal in *Foster II* was "limited to issues that [arose] at the new sentencing hearing." *State v. Wilson*, 2011-Ohio-2669, ¶ 30, citing *State v. Fischer*, 2010-Ohio-6238, ¶ 40. As this court noted in its July 8, 2024 order

assigning appellate counsel, "counsel's appointment [was] strictly limited to the resentencing held on [June 10, 2024] pursuant to the" mandate of *Foster I*.

{¶ 19} Applying the foregoing, we find the doctrine of res judicata prevented appellate counsel from raising arguments relating to (1) the contents of the indictment, (2) the validity of Foster's guilty plea, or (3) Foster's speedy trial rights. Primarily, we note that Foster unsuccessfully challenged the knowing nature of his guilty pleas in *Foster I*. *See Foster I* at ¶ 16-29. Arguments relating to these issues did not arise from the resentencing hearing and could have been raised in Foster's direct appeal. *See State v. Peterson*, 2012-Ohio-2200, ¶ 13 (8th Dist.) (finding res judicata barred the defendant's speedy-trial argument in his appeal concerning a resentencing hearing); *State v. Lawwill*, 2009-Ohio-484 (8th Dist.) (finding res judicata barred the defendant's defective indictment argument in an appeal from a resentencing hearing); *State v. Steimle*, 2003-Ohio-4816, ¶ 11 (8th Dist.) (on appeal from resentencing entry, trial court held that "res judicata bars further consideration of [defendant's plea] arguments" where defendant failed "to properly raise the plea issues in his first direct appeal"). And, in fact, Foster previously challenged, albeit unsuccessfully, the knowing nature of his guilty pleas in *Foster I*. *See Foster I* at ¶ 16-29.

{¶ 20} Because appellate counsel could not be ineffective for failing to challenge issues that did not arise from the limited remand, Foster has not shown a genuine issue of a colorable claim of ineffective assistance of appellate counsel.

Accordingly, the second, third, and fourth proposed assignments of error do not provide legitimate grounds for reopening Foster's appeal.

## C. Due Process Violation

{¶ 21} In the first proposed assignment of error, Foster argues appellate counsel was ineffective for failing to advance an assignment of error challenging the trial court's decision to "unofficially terminate" his charges without a hearing and in his absence. Foster contends that the trial court's actions violated Crim.R. 43 and violated his right to due process under the Fourteenth Amendment.

{¶ 22} Upon review, it is apparent that Foster's proposed assignment of error relies on the flawed premise that this court instructed the trial court to "vacate" Foster's case and sentence pursuant to a "remand order handed down from [this court] on July 31, 2024."[3] His interpretation of the record is unfounded.

{¶ 23} As mentioned, this court has affirmed Foster's convictions and resulting sentences. Contrary to Foster's perception of the record, this court did not

---

[3] The record reflects that on July 31, 2024, the trial court issued a journal entry stating that the "captioned case" was "remanded to the Court of Common Pleas by order of the Court of Appeals." The entry contains no language requiring the trial court to vacate Foster's convictions or sentence as Foster suggests. Foster's mistaken interpretation of the record appears to rely on this court's resolution of his codefendant's appeal in *State v. Wilson*, 2024-Ohio-2257 (8th Dist.). Therein, this court affirmed Wilson's convictions, in part, but determined that there was insufficient evidence supporting "Wilson's convictions and sentence for the murder of [a victim] in violation of R.C. 2903.02(B) and the assaults of [a victim] in violation of R.C. 2903.11(A)(1) and (2)[.]" *Id.* at ¶ 87 and 93. Accordingly, this court vacated the murder and assault charges and remanded the matter for a resentencing hearing. Foster suggests that he "has no open charges nor case" based on the resolution of Wilson's appeal. Significantly, however, this court's resolution of Wilson's direct appeal had no effect on Foster's convictions and sentence, which were entered after Foster pleaded guilty to counts of murder, involuntary manslaughter, and drug trafficking.

issue an order requiring the trial court to vacate Foster's convictions. Nor did this court issue an order requiring the trial court to facilitate Foster's immediate release from prison. The aggregate prison term imposed at the resentencing hearing remains in full force and effect.

{¶ 24} Under these circumstances, appellate counsel had no basis to challenge the trial court's alleged termination of Foster's charges in his absence because no charges have been terminated. Accordingly, the first proposed assignment of error does not provide legitimate grounds for reopening Foster's appeal.

### D. Unsatisfactory Appellate Argument

{¶ 25} In the fifth proposed assignment of error, Foster argues appellate counsel rendered ineffective assistance of counsel by raising the "same claim" that was presented in *Foster I*. He further suggests that appellate counsel was ineffective for submitting an appellate brief "without even checking the trial court docket to see that the [Eighth District] had already issued a remand order as of [July 31, 2024]."

{¶ 26} Initially, we reiterate that this court did not issue a remand order instructing the trial court to terminate Foster's convictions and sentence. The entry issued on July 31, 2024, did not prevent appellate counsel from filing an appeal on Foster's behalf following the resentencing hearing in June 2024. Moreover, Foster's contention that the sentencing argument presented in *Foster II* was duplicative to the claim presented in *Foster I* is not supported by the record. It is well recognized that

[a] defendant can challenge consecutive sentences on appeal in two ways. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *State v. Nia*, 2014-Ohio-2527, ¶ 16 (8th Dist.). Second, the defendant can argue that the record does not support the court's findings made pursuant to R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Nia* at ¶ 16.

*State v. Reindl,* 2021-Ohio-2586, ¶ 13 (8th Dist.).

{¶ 27} In *Foster I*, appellate counsel successfully argued that the trial court failed to make the necessary findings for imposing consecutive sentences pursuant to R.C. 2929.14(C)(4). Once that issue was resolved by the trial court on remand, appellate counsel attempted to challenge the substance of the trial court's sentence by arguing the record did not clearly and convincingly support the consecutive-sentence findings. Foster has failed to demonstrate that appellate counsel was ineffective for zealously representing his interests and disputing the factual basis supporting the trial court's imposition of consecutive sentences. Accordingly, the fifth proposed assignment of error does not provide legitimate grounds for reopening Foster's appeal.

### E. Abuse of Discretion

{¶ 28} In the sixth proposed assignment of error, Foster claims appellate counsel was ineffective for failing to argue that the trial court abused its discretion by violating the purported remand order issued on July 31, 2024. He further contends that the trial court abused its discretion by issuing a nunc pro tunc journal

entry when it was aware, by that time, that his charges were going to be vacated.[4] Finally, Foster argues that counsel should have challenged the trial court's failure to address his pro se "motion to vacate guilty pleas to correct a manifest injustice," filed on May 8, 2024, before the resentencing hearing.[5]

{¶ 29} Consistent with the foregoing, we find Foster has not demonstrated a colorable claim of ineffective assistance of counsel. As mentioned, Foster's convictions were affirmed, and the trial court was permitted to proceed with resentencing in accordance with this court's prior mandate. The journal entry issued by the trial court on July 31, 2024, did not alter or impair the validity of the trial court's sentence on remand. Any claim to the contrary would have been futile.

{¶ 30} Moreover, Foster has failed to articulate how appellate counsel was ineffective for failing to challenge the trial court's alleged failure to address the motion to withdraw his guilty pleas. Foster makes conclusory statements but provides no legal basis as to how the issue was ripe for review in *Foster II* or, alternatively, how there would be a reasonable probability of success on appeal if the case was reopened. *See State v. Pennington*, 2025-Ohio-1445, ¶ 14 (8th Dist.) (application that "merely list[ed] errors, rather than argue and develop them with legal authority other than a conclusory statement" was "defective"). Accordingly,

---

[4] Again, Foster mistakenly infers that this court's resolution of his codefendant's appeal in *Wilson*, 2024-Ohio-2257, "was going to be applied to *State v. Foster*, the same case."

[5] Following the resentencing hearing held on June 10, 2024, the State filed a brief in opposition to Foster's motion to vacate his guilty pleas on June 14, 2024.

the sixth proposed assignment of error does not provide grounds for reopening Foster's appeal.

## III.   Conclusion

{¶ 31} Based on the foregoing, we find Foster has failed to present a colorable claim of ineffective assistance of appellate counsel. Accordingly, the application for reopening is denied.

{¶ 32} Application denied.


_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, A.J., and
EILEEN T. GALLAGHER, J., CONCUR