[Cite as *State v. Nagy*, 2025-Ohio-2767.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,              :

    Plaintiff-Appellee,      :

                                  No. 90400

    v.                        :

THOMAS H. NAGY,        :

    Defendant-Appellant.    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** August 5, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-81-169518-ZA
Application for Reopening
Motion No. 585294

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael R. Wajda, Assistant Prosecuting Attorney, *for appellee.*

Michael A. Partlow, *for appellant.*

---

MARY J. BOYLE, P.J.:

{¶ 1} Thomas H. Nagy ("Nagy") has filed an application for reopening pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60 (1991), based on claims of ineffective assistance of appellate counsel. Nagy is attempting to reopen

the appellate judgment rendered in *State v. Nagy,* 2008-Ohio-4703 (8th Dist.), in which this court affirmed the trial court's judgment classifying Nagy as a sexually oriented offender.

{¶ 2} For the reasons that follow, we deny Nagy's application to reopen the appeal.

## I. Procedural History

{¶ 3} On May 18, 1982, Nagy accepted the terms of a negotiated plea agreement with the State and pleaded guilty to aggravated murder in violation of R.C. 2903.01. Nagy was sentenced to "life imprisonment." No direct appeal was taken from the conviction and sentence.

{¶ 4} On August 6, 2007, Nagy appeared before the trial court pursuant to Am.Sub.H.B. No. 180 for a sexual-offender-classification hearing. At the conclusion of the hearing, the trial court classified Nagy as a sexually oriented offender.

{¶ 5} Nagy appealed the trial court's judgment, arguing (1) "the trial court erred when it ruled that [he] was a sexually-oriented offender although he was not convicted of a sexual offense," (2) "the trial court erred when it allowed the prosecutor to read from the original Cleveland police department homicide file which was not in evidence," and (3) "the trial court erred when it directly questioned and interrogated [him] in spite of the objections of defense counsel." Upon review, this court overruled Nagy's assignments of error and affirmed his sexual-offender classification. *Nagy* at ¶ 24-48.

{¶ 6} On June 13, 2025, Nagy filed a motion for leave to file an application for reopening pursuant to App.R. 26(B). In the application, Nagy asserts that he was denied effective assistance of appellate counsel because appellate counsel "did not challenge his classification as a sexually-oriented offender as being against the manifest weight of the evidence." Nagy contends that the result of *Nagy* "would have been quite different" had appellate counsel challenged the weight of the evidence supporting his classification.

## II. Law and Analysis

{¶ 7} App.R. 26(B) provides a limited means of reopening an appeal based on claims of ineffective assistance of appellate counsel. *State v. Barnes*, 2020-Ohio-4988, ¶ 9 (8th Dist.). The rule only applies to appeals from "the judgment of conviction and sentence" and requires that the application be filed within 90 days "from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(1).

{¶ 8} Interpreting the language of App.R. 26(B), this court has determined that the rule "does not apply to subsequent postconviction proceedings, including resentencing, motions to vacate sentence and hearings to determine the propriety of guilty pleas." *State v. Perotti*, 2005-Ohio-2175, ¶ 3 (8th Dist.), citing *State v. Loomer*, 76 Ohio St.3d 398 (1996). *See also State v. Smith*, 2021-Ohio-202, ¶ 3 (8th Dist.), citing *Perotti*. Relevant here, this court has further specified that App.R. 26(B) "cannot be utilized to reopen an appeal that dealt with the classification of [a defendant] as a sexually-oriented offender under the former Megan's Law." *State v.*

*Trem*, 2016-Ohio-4952, ¶ 7 (8th Dist.); accord *State v. Nelson*, 2015-Ohio-1734, ¶ 3 (8th Dist.) (finding App.R. 26(B) could not be used to reopen an appeal taken from the applicant's classification as a sexual predator).

**{¶ 9}** As mentioned, Nagy did not file a direct appeal from his conviction and sentence in 1982. The present application seeks to reopen an appeal from the trial court's classification of Nagy as a sexually oriented offender approximately 26 years after his conviction and sentence were entered.[1] Because App.R. 26(B) applies only to the direct appeal of a criminal conviction and sentence, it cannot now be employed to reopen the appeal that dealt with Nagy's sexual-offender classification under former R.C. Ch. 2950.

**{¶ 10}** Accordingly, the application for reopening is denied.

_____

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR

---

[1] It must also be noted that sex-offender-classification proceedings under former R.C. Ch. 2950 are civil and not criminal in nature. *State v. Green*, 2015-Ohio-2700, ¶ 29 (8th Dist.).